COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-226-CV

 

 

NANSII DOWNER                                                                              APPELLANT

 

                                                             V.

 

SIMON PROPERTY GROUP                                                                APPELLEE

TEXAS,
L.P. D/B/A NORTH

EAST
MALL

                                                       ------------

 

               FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I.  INTRODUCTION

Appellant
Nansii Downer appeals from a take-nothing jury verdict in favor of Appellee
Simon Property Group Texas, L.P. d/b/a North East Mall, in her slip-and-fall
action against North East Mall.  In one
issue, Downer argues that the trial court abused its discretion by not allowing
her expert to testify concerning the appropriate placement of kiosks in
relation to potential hazards.  We will
affirm.








II.  BACKGROUND

Downer
brought this action after she allegedly slipped and fell down concrete steps
leading to a fountain in North East Mall. 
According to Downer, she was looking at merchandise on a kiosk when she
fell and was injured.  Downer alleges
that the position and placement of the kiosk in relation to the stairs created
a dangerous condition.

Prior
to trial, Downer designated Scott Goodwin as an expert witness.  After taking Goodwin=s
deposition, North East Mall filed a motion to strike his testimony, arguing
that Goodwin was not qualified to render opinions regarding the safe placement
of kiosks in retail establishments.  The
trial court granted North East Mall=s
motion and ordered that Goodwin not be allowed to testify.








During
trial, outside the presence of the jury, Downer made an offer of proof
regarding Goodwin=s testimony.  Downer offered that Goodwin would have
testified that he was a visual merchandising expert; that kiosks are
specifically designed to attract customers and divert their attention toward
the products displayed; that kiosks are designed to Acompletely
consume@ a
shopper and that kiosks should therefore not be placed in close proximity to
any potential hazards; and that based on his education, training, and
experience, North East Mall should have known that the placement of the kiosk
at issue in this case created an unreasonable risk of harm to shoppers by being
in close proximity to the stairs.  The
trial court again ruled that Goodwin not be allowed to testify.  After trial, the jury returned its verdict in
favor of North East Mall.  This appeal
followed.

III.  DISCUSSION

In
her sole issue, Downer argues that the trial court erred by excluding Goodwin=s
testimony.  We disagree.

A
trial court=s
rulings in admitting or excluding evidence are reviewable under an abuse of
discretion standard.  In re J.P.B.,
180 S.W.3d 570, 575 (Tex. 2005).  An
appellate court must uphold the trial court=s
evidentiary ruling if there is any legitimate basis in the record for the
ruling.  Owens-Corning Fiberglas Corp.
v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). 
A trial court abuses its discretion in excluding expert testimony if the
testimony is relevant to the issues in the case and is based on a reliable
foundation.  State v. Cent. Expressway
Sign Assocs., 302 S.W.3d 866, 870 (Tex. 2009).  In order for an expert=s
testimony to be based on a reliable foundation, an expert witness must be
qualified.  Volkswagen of Am., Inc. v.
Ramirez, 159 S.W.3d 897, 904 (Tex. 2004). 
To establish a witness=s
expert qualifications, the party calling the witness must show Athat
the expert has >knowledge, skill,
experience, training, or education=
regarding the specific issue before the court which would qualify the expert to
give an opinion on that particular subject.@  Roberts v. Williamson, 111 S.W.3d 113,
121 (Tex.  2003) (quoting Broders v.
Heise, 924 S.W.2d 148, 153 (Tex. 1996) (quoting Tex. R. Evid. 702)).








In
this case, the trial court was concerned about whether Goodwin was qualified to
testify regarding the proximity of potential hazards in relationship to
kiosks.  This concern is verified by
Goodwin=s
own deposition testimony.  In his
testimony, Goodwin conceded that he had never taken any courses regarding
proper placement of kiosks within retail shopping environments.  Goodwin also conceded that he had never
obtained training of any kind regarding safety issues pertaining to the
placement of merchandising structures in retail spaces.  Goodwin even admitted that, at least in the
last five years before the deposition, he had never evaluated how far kiosks
need to be from other potentially hazardous structures.  To this same end, Goodwin averred that he had
never done studies or surveys pertaining to applicable standards regarding the
placement of kiosks in relation to potentially hazardous conditions.  And although Goodwin said that he was aware
of studies pertaining to safe kiosk placement, he admitted that he had not
reviewed such studies prior to forming his opinion as to whether the kiosk at
issue in this case was placed a proper distance from the stairs.  We hold that the trial court=s
determination to exclude Goodwin=s
testimony is supported by the law as applied to the facts in the record; thus,
the trial court did not abuse its discretion. 
See Malone, 972 S.W.2d at 43.  We overrule Downer=s
sole issue.








IV.  CONCLUSION

Having
overruled Downer=s sole issue, we affirm the
trial court=s
judgment.

 

BILL MEIER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

 

GARDNER,
J. concurs without opinion.

 

DELIVERED:  July 8, 2010











[1]See Tex. R. App. P. 47.4.